## SUPREME COURT.

ROBERT GRANT, assignee of WILLIAM MONTGOMERY agt. ALFRED BOOTH.

Where *three sureties* in an undertaking *justified* in the aggregate sum of $80,000,
  $40,000 being double the value of the property as stated in the plaintiff's affidavit
  on a claim of delivery,
*Held* that the sheriff was bound under § 212 to deliver the property to the defendant, notwithstanding the fact that the amount specified in an affidavit of the same sureties annexed to the undertaking when first delivered to the sheriff, was in the aggregate of only $60,000. That affidavit was not required by any provision of law, but was only a precautionary measure by the sheriff to judge of the sufficiency of the sureties for his own protection, and wholly unnecessary to the validity of the undertaking.

*Kings Special Term, March,* 1860.

MOTION of plaintiff for delivery of the property taken in this action to him, and to set aside the defendant's undertaking as insufficient, &c.

LOTT, Justice.   The undertaking of the defendant was in $40,000, (double the value of the property, as stated in the plaintiff's affidavit on his claim for the delivery thereof,) executed by four sureties, three of whom severally in an affidavit thereto swore that they were householders and freeholders within this state, and were worth the sum of $20,000 over and above all debts and responsibilities, &c.; and due notice was given of the time and place of the justification of those three sureties. They appeared at the time

and place appointed, and justified to the aggregate amount of $80,000 and upwards. The officer before whom the justification took place found the sureties sufficient, and indorsed his allowance on the undertaking, and caused the same to be filed in the proper office.

This proceeding was in compliance with the requirement of § 211 of the Code, as to the form and amount of security to be given, and with §§ 212, 194–95 as to the justification and sufficiency of the sureties. The entire justification was required by § 194 to be equivalent to two sufficient bail. The sum specified in the undertaking was $40,000, and if two sureties only had been given they would each have been bound to justify in that sum, or in the aggregate amount of $80,000. As the three sureties did together justify in that sum, the justification was sufficient; and therefore the sheriff was bound under the provisions of the Code—§§ 211, 212–13 to deliver the property to the defendant. The fact that the amount specified in the affidavit, annexed to or accompanying the undertaking when delivered to the sheriff, was in the aggregate only $60,000, is immaterial. That affidavit was not required by any provision of law, and wholly unnecessary to the validity of the undertaking. It was a precautionary measure only on the part of the sheriff, to enable him to judge of the sufficiency of the sureties for his own protection. The right, however, of the defendant to the delivery of the property to him, was dependent on the *justification* upon notice, as required by § 212. When that was perfected the sheriff was bound under that section to deliver the property to the defendant.

I will add, that this construction of the several provisions of the Code referred to, appears to be in conformity with the decision made in *Graham* agt. *Wells*, (18 *How. Pr. R., p.* 376, &c.) The application of the plaintiff must, therefore, be denied, with $10 costs. Order to be entered in Westchester county.